IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CLIFFORD SCOTT COOKE,** ) | |
| Movant, ) | |
| ) | CIVIL ACTION NO. 1:20-00031-KD |
| v. ) | |
| ) | CRIMINAL ACTION NO. 1:08-00010-KD-N |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Clifford Scott Cooke, the defendant in the above-referenced criminal action, filed *pro se* a superseding Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 dated January 23, 2020 (Doc. 137[1]) challenging the judgment entered against him in that criminal action.[2] The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (1/27/2020 electronic reference). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any

---

[1] All "Doc." citations herein refer to the docket of the above-referenced criminal action.

[2] Cooke timely filed his superseding § 2255 motion in response to the Court's order directing him to file a new motion (Doc. 135), as his initial § 2255 motion (Doc. 134), dated January 12, 2020, was not on this Court's form. *See* S.D. Ala. CivLR 9(a) ("All persons … moving under 28 U.S.C. § 2255 to challenge a sentence imposed by this Court, must file their … motion with the Clerk using forms available from the Court."); Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."). Cooke was informed that his "new petition will supersede her [sic] original petition; therefore, Petitioner shall not rely on her [sic] original petition." (Doc. 135). Accordingly, the undersigned will recommend that Cooke's initial § 2255 motion be found moot in light of the superseding § 2255 motion. Nevertheless, the undersigned notes that Cooke raises the same claims in both motions.

other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the § 2255 motion, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

After preliminary review of Cooke's superseding § 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the undersigned found that at least one of Cooke's claims was without merit, and that his other claims were time-barred under the one-year statute of limitations for bringing § 2255 motions. The undersigned explained those determinations to Cooke and permitted him a reasonable period to show cause why his superseding § 2255 motion should not be denied for those reasons. (*See* Docs. 149, 155). Cooke timely filed a brief and objections in response (Docs. 157, 158, 159).³

---

³       The preliminary review mechanism in Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts is substantively identical to that of Rule 4(b) of the Rules Governing 2255 Proceedings, stating that a "judge must promptly examine" a state prisoner's habeas petition brought under 28 U.S.C. § 2254, and "must dismiss the petition and direct the clerk to notify the petitioner" without ordering a response from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief…" The Eleventh Circuit Court of Appeals has held that, under Rule 4 of the Rules Governing Section 2254 Cases, a court can dismiss a § 2254 habeas petition *sua sponte* as time-barred without ordering an answer from the respondent, so long as the petitioner is given "notice of its decision and an opportunity to be heard in opposition." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (per curiam).

The parties were previously given notice of the undersigned's intent to apply the procedure in *Paez* to these proceedings. (*See* Doc. 149, PageID.484-485 nn.9-10). The undersigned finds no reason that procedure cannot be applied in § 2255 proceedings, and no party has argued otherwise. Moreover, the Government has not filed any response indicating its intent to waive the issue of timeliness. *See Paez*, 947 F.3d at 655 ("Here, Mr. Paez was provided ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the

Having considered Cooke's superseding § 2255 motion, the record of prior proceedings, and Cooke's responses to the undersigned's show-cause order, the undersigned finds under Rule 4(b) of the Rules Governing Section 2255 Proceedings that it plainly appears Cooke is not entitled to relief, and that his motion is therefore due to be **DISMISSED**.

## I.   *Analysis*

### A.   **The § 2255 Motion**

Cooke argues that his original sentence should be vacated because his prior Alabama 3rd-degree burglary convictions no longer qualify as predicate offenses for applying the Armed Career Criminal Act to his original sentence, under the reasoning of the United States Supreme Court's decisions in *Descamps v. United States*, 570 U.S. 254 (2013), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). He also appears to argue, as an additional ground for relief, that his appointed counsel provided ineffective assistance by failing to file a § 2255 motion on Cooke's behalf requesting relief on the basis of *Descamps* and *Johnson* within the 1-year statute of limitation to do so, *see* 28 U.S.C. § 2255(f).

Cooke's claim for relief based on ineffective assistance of post-conviction counsel can easily be rejected on the merits. "The Supreme Court has long held that

---

opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed as untimely. Beyond that, the Secretary was notified of the court's action and had an opportunity to respond, including an opportunity to inform the District Court if it intended to waive the timeliness defense. The Secretary remained silent. To this day, no one contests that the petition was untimely, and the State has never indicated a desire to waive the limitations bar." (citation omitted)).

there is no constitutional right to counsel in post-conviction proceedings, even in capital cases, which necessarily means that a habeas petitioner cannot assert a viable, freestanding claim for the denial of the effective assistance of counsel in such proceedings." *Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 944 (11th Cir. 2014). Accordingly, that claim is due to be **DISMISSED with prejudice** as meritless. The undersigned now turns to Cooke's *Descamps* and *Johnson* claims.

"The Armed Career Criminal Act (ACCA…), 18 U.S.C. § 924(e), imposes a 15–year mandatory minimum sentence on certain federal defendants who have three prior convictions for a 'violent felony,' including 'burglary, arson, or extortion.' " *Mathis v. United States*, -- U.S. --, 136 S. Ct. 2243, 2247, 195 L. Ed. 2d 604 (2016). Cooke's presentence investigation report stated that he was subject to the ACCA's enhancement (*see* Doc. 40, PageID.112), and the Court so found at Cooke's September 22, 2009 sentencing hearing. (*See* Doc. 54, PageID.200). However, after granting the Government's motion for a downward departure based on Cooke's cooperation, the Court sentenced him to a term of imprisonment of 160 months-below the ACCA mandatory minimum-to be followed by a 5-year term of supervised release, with credit for time served in state custody. (*See id.*, PageID.207-209; Docs. 43, 44, 45). On the Government's filing of a post-judgment motion to reduce Cooke's sentence under Federal Rule of Criminal Procedure 35, the Court further reduced Cooke's term of imprisonment to 128 months. (*See* Docs. 59, 62, 63).[4]

---

[4]   Cooke had served his original sentence of imprisonment by the time he commenced these proceedings under § 2255. However, it appears application of the ACCA also impacted the term of supervised release imposed for his original

Cooke was subject to the ACCA at sentencing because he was found to have "at least three prior convictions for a violent felony." (Doc. 40, PageID.113). For purposes of the ACCA, a "violent felony" is statutorily defined as "any crime punishable by

---

conviction for a violation of 18 U.S.C. § 922(g). Normally, a violation of § 922(g) is punishable by a term of imprisonment for up to 10 years, *see* 18 U.S.C. § 924(a)(2), which would make it a Class C felony. *See* 18 U.S.C. § 3559(a)(3). However, as noted in Cooke's presentence investigation report (*see* Doc. 129, § 83, PageID.23), application of the ACCA sentencing enhancement authorized a maximum sentence of life imprisonment, making Cooke's offense into a Class A felony. *See* 18 U.S.C. § 3559(a)(1). The maximum term of supervised release authorized for Class A felonies is 5 years, *see* 18 U.S.C. § 3583(b)(1), while the maximum for Class C felonies is 3 years. *See id*. § 3583(b)(2). Here, the Court sentenced Cooke to a 5-year term of supervised release, which it would not have been able to do without the ACCA enhancement.

The Probation Office has indicated Cooke's supervised release period began on August 5, 2016. On March 13, 2020, after Cooke instituted these § 2255 proceedings, the Court revoked Cooke's supervised release and sentenced him to 24 months in prison, with no supervised release to follow. (*See* Doc. 154). Cooke had already been revoked several times previously and given sentences of imprisonment totaling 21 months. (See Docs. 75, 91, 104). If the Court agrees with Cooke that he was improperly sentenced under the ACCA, that could have the effect of lowering from 5 years to 3 the maximum authorized term of supervised release for his crime of conviction, calling into question whether the Court could have imposed its most recent custodial sentence on revocation. *See* 18 U.S.C. § 3583(e)(3) ("The court may … revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case…"). Accordingly, the Court could still grant Cooke meaningful relief should it agree with the merits of his claims. *See Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995) ("Dawson is still serving his term of supervised release, which is part of his sentence and involves some restrictions upon his liberty. Because success for Dawson could alter the supervised release portion of his sentence, his appeal is not moot.").

imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another…" 18 U.S.C. § 924(e)(2)(B). "The first prong of this definition is sometimes referred to as the 'elements clause,' while the second prong contains the 'enumerated crimes' and, finally, what is commonly called the 'residual clause.' " *In re Thomas*, 823 F.3d 1345, 1347 (11th Cir. 2016) (per curiam).

The Eleventh Circuit has held that, "[i]n light of the *Descamps* decision, … a conviction under Alabama Code § 13A–7–7[, burglary in the third degree,] cannot qualify as generic burglary under the ACCA." *United States v. Howard*, 742 F.3d 1334, 1348–49 (11th Cir. 2014).[5] The Eleventh Circuit has also held that, because "*Descamps* did not announce a new rule[, but] merely clarified existing precedent[,]" it applies retroactively on collateral review. *Mays v. United States*, 817 F.3d 728, 734 (11th Cir. 2016) (per curiam). *See also Greer v. United States*, 749 F. App'x 887, 889

---

[5] *See also Mays v. United States*, 817 F.3d 728, 733-34 (11th Cir. 2016) (per curiam) ("At the time *Mays* was sentenced, an Alabama Code § 13A–7–7 third degree burglary conviction could qualify as a violent felony under the enumerated clause. *See United States v. Rainer*, 616 F.3d 1212, 1213, 1216 (11th Cir. 2010). Post–*Descamps*, this is no longer the case. Based on *Descamps*, we held in *Howard* that a conviction for third degree burglary cannot qualify as a violent felony under the enumerated clause because Alabama Code § 13A–7–7 is an indivisible, non-generic statute. *Howard*, 742 F.3d at 1348–49 … Under *Descamps* and *Howard*, third degree burglary convictions in Alabama cannot qualify as violent felonies under the enumerated clause.").

(11th Cir. 2018) (per curiam) (unpublished) ("*Mays v. United States*, 817 F.3d 728 (11th Cir. 2016), … held that *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L.Ed.2d 438 (2013) applied retroactively on collateral review."). The Eleventh Circuit has also held that the ACCA's "elements clause clearly is inapplicable" to an Alabama 3rd-degree burglary conviction. *Mays*, 817 F.3d at 733 n.5.

*Johnson* held that the "residual clause" of § 924(e)(2)(B)(ii) – the part defining "violent felony" as crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" – was void for vagueness, and the Supreme Court has since held that *Johnson* is also retroactive on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016). Accordingly, because none of the ACCA's three "violent felony" clauses apply to an Alabama 3rd degree burglary conviction, it is no longer a qualifying predicate offense under the ACCA. *See Mays*, 817 F.3d at 737.

The presentence investigation report did not specify which prior convictions it deemed "violent felonies." The section listing Cooke's adult criminal convictions (Doc. 40, PageID.116-124) noted two Alabama 3rd degree burglary convictions, which, as stated above, are no longer ACCA "violent felonies." Though Cooke does not address whether any of the numerous other convictions noted in the report qualify as ACCA predicate offenses, the undersigned notes one Alabama 2nd degree robbery conviction, which qualifies as a "violent felony" under the "elements clause," *see United States v. Hunt*, 941 F.3d 1259, 1261-62 (11th Cir. 2019), and Florida convictions for burglary

of an occupied dwelling and burglary of an unoccupied conveyance, which do not qualify as ACCA predicate offenses. *See United States v. Esprit*, 841 F.3d 1235 (11th Cir. 2016).[6]

"[L]ike any other § 2255 movant, a *Johnson* § 2255 claimant must prove his claim." *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017). In *Beeman*, the Eleventh Circuit held that, "[t]o obtain relief based on *Johnson*, a postconviction movant must prove that his sentence 'enhancement was due to use of the residual clause.' " *Tribue v. United States*, 929 F.3d 1326, 1331 (11th Cir. 2019) (quoting *Beeman*, 871 F.3d at 1222).

> "In other words, he must show that the clause actually adversely affected the sentence he received." [*Beeman*, 871 F.3d] at 1221. A *Johnson* § 2255 movant must prove two things: (1) that "the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause," and (2) that "there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense." *Id*.

*Tribue v. United States*, 929 F.3d 1326, 1331 (11th Cir. 2019). However, because Cooke's *Descamps* and *Johnson* claims are time-barred, the Court need not inquire whether Cooke can satisfy the *Beeman* test.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") "imposes a one-year statute of limitations for filing a § 2255 motion." *Outler v. United States*, 485 F.3d 1273, 1278 (11th Cir. 2007) (per curiam). "For federal prisoners filing

---

[6] Though none is readily apparent as a "violent felony" under the ACCA, the undersigned expresses no conclusive opinion on whether the other convictions listed in Cooke's criminal history so qualify.

§ 2255 motions, the statute of limitations runs from the latest of the following trigger dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id. See also* 28 U.S.C. § 2255(f). "The § 2255(f) statute of limitations requires a claim-by-claim approach to determine timeliness." *Beeman*, 871 F.3d at 1219 (quotation omitted).

There is no basis apparent in the record for applying the second and fourth trigger dates, and Cooke's motion is plainly untimely under § 2255(f)(1), as his original judgment of conviction became final almost a decade ago – his direct appeal was voluntarily dismissed "with Prejudice" on September 28, 2010, and no appeal was taken from the amended judgment entered February 23, 2011 (Doc. 630), on the Government's post-judgment Rule 35 motion. While "the issuance of the *Descamps* decision cannot qualify as a triggering date under § 2255(f)(3)[,]" the issuance of *Johnson* does, meaning "a § 2255 movant wishing to raise a *Johnson* claim had until June 26, 2016, to file a motion obtaining that claim." *Beeman*, 871 F.3d at 1219. However, Cooke did not institute the present § 2255 proceedings until January 12,

2020, the date he signed his initial handwritten § 2255 motion "under penalty of purjury [sic]." (Doc. 134, PageID.414).[7] Accordingly, Cooke's *Descamps* and *Johnson* § 2255 claims were filed well beyond AEDPA's one-year statute of limitations; Cooke does not dispute their untimeliness in his responses to the undersigned's show-cause order.

As Cooke was informed in the show-cause order, a district court may still review an untimely § 2255 motion if the defendant is entitled to equitable tolling.

> In the § 2255 context, equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction. The *petitioner* has the burden of proving entitlement to equitable tolling by showing that extraordinary circumstances that were both beyond his control and unavoidable even with diligence prevented filing the petition on time.

*Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002) (citations and quotations omitted). Because it is "an extraordinary remedy, equitable tolling has been permitted by federal courts only sparingly…" *Id.* at 1038-39 (citation and quotations omitted).[8]

---

[7] *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam) ("We have previously held that a prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing … Absent evidence to the contrary in the form of prison logs or other records, we will assume that Washington's motion was delivered to prison authorities the day he signed it, October 6, 1998.").

[8]  "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *McKay v.*

*United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (quotation omitted). "[A § 2255] movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself." *Id*. "To show actual innocence of the crime of conviction, a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of the new evidence of innocence[,]" under the standard applied in *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). *Id*. (emphasis added) (quoting *Schlup*, 513 U.S. at 327). The United States Supreme Court has held that a showing of actual innocence under the *Schlup* standard can also overcome AEDPA's statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). However, Cooke does not claim he is "actually innocent" of his crime of conviction, § 922(g).

The more stringent standard of *Sawyer v. Whitley*, 505 U.S. 333, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992), must be met "[t]o show actual innocence of a capital sentence…" *McKay*, 657 F.3d at 1196–97. *See also Schlup*, 513 U.S. at 324 (holding that *Sawyer* standard did not apply "when the claimed injustice is that constitutional error has resulted in the conviction of one who is actually innocent of the crime" (emphasis added)). In such a case, "a movant 'must show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found [him] eligible for the death penalty under the applicable state law.'" *McKay*, 657 F.3d at 1196–97 (quoting *Sawyer*, 505 U.S. at 336). Neither the Supreme Court nor the Eleventh Circuit has yet decided whether *Sawyer*'s actual innocence of sentence exception extends to the noncapital sentencing context, *id*. at 1197; *see also Gilbert v. United States*, 640 F.3d 1293, 1321 (11th Cir. 2011) (en banc) ("Because death is different, neither the Supreme Court nor this Court has ever applied the *Sawyer* actual innocence of the sentence exception except in death penalty cases, and the better view is that the exception does not apply to non-capital sentencing errors."), *abrogated on other grounds by McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc), nor have they decided whether that exception can also be used to overcome AEDPA's statute of limitations. However, the Eleventh Circuit, assuming without deciding that the actual innocence of sentence exception applies to noncapital sentences, has "decline[d] to extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence[,]" as such a claim is "one of legal, rather than factual, innocence and thus fails to fall within the actual innocence exception's purview. *McKay*, 657 F.3d at 1198-99. Thus, while Cooke has not done so, any attempt to avoid AEDPA's statute of limitation by claiming he is "actually innocent" of the ACCA sentencing enhancement would have been unsuccessful. *See id*. at 1199 ("McKay makes the purely *legal* argument that he is actually innocent of his career offender sentence because his prior conviction for carrying a concealed weapon should not have been classified as a 'crime of violence' under the Guidelines. McKay does not even suggest, because he cannot, that he did not actually commit the crime of carrying a concealed weapon. In other words, he makes no claim of *factual* innocence of the

The arguments that Cooke presents in support of equitable tolling are (1) that his appointed counsel was ineffective for failing to file a timely *Johnson* § 2255 motion, and (2) that he himself did not "find out about the *Johnson* law, and that the law applied to his case until November of 2019." (Doc. 158, PageID.518). As to this second assertion, Eleventh Circuit case law is clear that "*pro se* litigants, like all others, are deemed to know of the one-year statute of limitations" for § 2255 motions, *Outler*, 485 F.3d at 1282 n.4,[9] and a *pro se* litigant's "[i]gnorance of the law usually is

---

predicate offense. No circuit court has held that the actual innocence exception is available for claims of purely legal innocence, like McKay's, and we refuse to do so as well."); *Lee v. United States*, No. 18-14565-E, 2019 WL 1931867, at *2 (11th Cir. Mar. 27, 2019) (Jill Pryor, J.) (order denying a certificate of appealability) ("Here, Lee's argument in his motion for reconsideration does not relate to his factual innocence of the underlying felon in possession offense. Instead, it relates to his factual innocence of his Alabama marijuana convictions used to enhance his felon in possession offense under the ACCA. Thus, the miscarriage-of-justice exception does not apply.").

[9] *Accord Johnson v. Warden*, 738 F. App'x 1003, 1007 (11th Cir. 2018) (per curiam) (unpublished) (a defendant's "*pro se* status does not entitle him to equitable tolling, as *pro se* litigants are responsible for knowing and complying with the statute of limitations") (citing *Outler*, 485 F.3d at 1282 n.4). *See also Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (per curiam) ("[W]hile Rivers' lack of education may have delayed his efforts to vacate his state conviction, the [Supreme C]ourt rejected similar grounds as an excuse for delay, reiterating that 'procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness.'" (quoting *Robert Johnson v. United States*, 544 U.S. 295, 311, 125 S. Ct. 157, 161 L. Ed. 2d 542 (2005)); *Watts v. Comm'r, Ala. Dep't of Corr.*, No. 18-10248-G, 2018 WL 7135528, at *2 (11th Cir. May 22, 2018) (Jordan, J.) (order denying certificate of appealability) ("Watts' claims that he was entitled to equitable tolling because he was untrained in the law, unable to calculate the limitation period for filing a § 2254 petition, and did not obtain counsel until after the limitation period had expired did not demonstrate that extraordinary circumstances that prevented him from timely filing his § 2254 petition. *Outler v. United States*, 485 F.3d 1273, 1282 n.3 [sic] (11th Cir. 2007) ('[P]ro se litigants, like all others, are deemed to know of the one-year statute of limitations.'); *Rivers v. United States*, 416 F.3d 1319, 1322-23 (11th Cir. 2005) (noting that a petitioner's ignorance of procedural requirements does not entitle him to equitable tolling); *Pennsylvania v. Finley*, 481

not a factor that can warrant equitable tolling." *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) (per curiam). *Accord Hess v. Sec'y, Dep't of Corr.*, No. 16-14118-E, 2017 WL 6607169, at *2 (11th Cir. Oct. 18, 2017) (Julie Carnes, J.) (in denying time-barred habeas petitioner a certificate of appealability, noting that "this Court has held that *pro se* status and ignorance of the law do not warrant equitable tolling" (citing *Wakefield*, 131 F.3d at 970)). Thus, Cooke's ignorance of the *Johnson* decision until after the statute of limitation had run is not grounds for equitable tolling.[10]

---

U.S. 551, 555 (1987) (holding that petitioners do not have a constitutional right to post-conviction counsel).").

[10] Cooke never moved the Court to appoint him counsel for the purpose filing a § 2255 motion, and he had no constitutional right to such appointed counsel regardless. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further … We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, a fortiori, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process." (citation omitted)); *Vandenades v. United States*, 523 F.2d 1220, 1225–26 (5th Cir. 1975) ("Appellant further argues that he was and is entitled to the assistance of counsel in the presentation of his s 2255 motion. It is axiomatic that an indigent has a right to counsel on direct appeal, but this right does not encompass post-conviction proceedings. Generally, the decision whether to appoint counsel in proceedings on a s 2255 motion is discretionary with the trial court and will not be overturned absent a showing of fundamental unfairness which impinges on the due process rights of the petitioner. Further, we have specifically held that it is not reversible error for a district court to refuse to appoint counsel to aid a prisoner in the presentation of a s 2255 motion…" (citations and footnote omitted)). While Rule 8(c) of the Rules Governing Section 2255 Proceedings provides for appointment of counsel for indigent § 2255 movants, such appointment is only required after the § 2255 motion has been filed and a judge determines the motion merits an evidentiary hearing.

As to his first assertion, Cooke correctly notes that on April 14, 2016, the Chief Judge of this Court issued a general order appointing the Federal Public Defender for this district "to represent any defendant who was previously determined to have been entitled to appointment of counsel, or who is now indigent, to determine whether that defendant may qualify for federal habeas relief under either 28 U.S.C. § 2255 or 28 U.S.C. § 2241 in light of *Johnson*, to preserve the claim, and to present any petitions, motions, or applications relating thereto to the Court for disposition." (1:16-mc-1000-WS, Doc. 2).[11] However, "attorney negligence, even gross or egregious negligence, does not by itself qualify as an 'extraordinary circumstance' for purposes of equitable tolling; either abandonment of the attorney-client relationship, … or some other professional misconduct or some other extraordinary circumstance is required." *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1227 (11th Cir. 2017). Even assuming that the Federal Public Defender, pursuant to the Chief Judge's appointment, should have timely filed a § 2255 motion raising a *Johnson* claim on Cooke's behalf, Cooke has failed to allege facts indicating that any such failure was the result of anything beyond mere negligence. (*See, e.g.*, Doc. 157, PageID.515 ("When the Johnson decision came out attorneys made up lists of defendants that they had represented that fell under this new law, and the defendants [sic] attorney failed to add him to the list. Therefor he was ineffective.")).

---

[11] Cooke was represented by appointed counsel from the Federal Public Defender's office throughout his trial and direct appeal proceedings.

Moreover, a petitioner claiming entitlement to equitable tolling must show that the extraordinary circumstance actually "*stood in his way* and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (emphasis added) (quotation omitted). Cooke never claims that he became aware of the Federal Public Defender's appointment to bring *Johnson* claims prior to the expiration of the statute of limitation – indeed, he admits that he did not even become aware of the *Johnson* decision until November 2019, over 3 years afterward. Because Cooke was unaware of the appointment, he cannot truthfully assert that his failure to timely file his *Johnson* claim was due to any expectation that the Federal Public Defender would do so for him. Accordingly, it cannot be said that the Federal Public Defender's failure to file a *Johnson* § 2255 motion actually stood in Cooke's way and prevented timely filing of his own *pro se* motion. Cooke's failure, rather, was based on his admitted ignorance of the *Johnson* decision until well after the deadline for filing a § 2255 claim based on that decision, which is not grounds for equitable tolling, *see supra*.[12]

Accordingly, Cooke's *Descamps* and *Johnson* § 2255 claims are due to be **DISMISSED with prejudice** as time-barred.

---

[12] Even after allegedly learning of *Johnson* sometime in November 2019. Cooke still waited until January 12, 2020, approximately a month and a half later, to file his initial, two-paragraph, handwritten § 2255 motion (Doc. 134), a delay he has not attempted to justify. Nevertheless, because Cooke has failed to show extraordinary circumstances justifying equitable tolling, the Court need not decide whether Cooke acted diligently in bringing his motion.

## B. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts.. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B).

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). While "a COA does not require a showing that the appeal will succeed[,]" a "prisoner

seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 337-38 (quotations omitted). In all cases, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)).

Upon due consideration, the undersigned finds that Cooke should be **DENIED** a certificate of appealability as to the present § 2255 motion. With regard to his claim of ineffective assistance of post-conviction counsel, reasonable jurists would not find it debatable whether the Court was correct in denying that claim on the merits. As for his other claims, reasonable jurists would not find it debatable whether the Court was correct in dismissing those claims as time-barred.[13]

### C.  Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the

---

[13]  Rule 11(a) of the Rules Governing Section 2255 Proceedings further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the movant, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.
  Should the Court adopt this recommendation and deny a certificate of appealability, the movant "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). In other words, a

> party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Having considered the issues raised as set forth above, the undersigned **RECOMMENDS** the Court <u>refrain</u> from certifying that any appeal by Cooke of the dismissal of the present § 2255 motion would be not taken in good faith, as Cooke has

presented non-frivolous claims that the ACCA enhancement to his sentence is invalid under *Johnson* and that he is entitled to equitable tolling.[14]

## II. *Conclusion*

In accordance with the foregoing analysis, it is **RECOMMENDED** as follows:

1. that Cooke's superseding Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 dated January 23, 2020 (Doc. 137) be **DENIED** and **DISMISSED with prejudice** as time-barred in part and without merit in part;

2. that Cooke's initial § 2255 motion (Doc. 134) be found **MOOT** in light of the superseding § 2255 motion;

3. that the Court deny Cooke a certificate of appealability in relation to the dismissal of the subject § 2255 motion; and

4. the Court refrain from certifying that any appeal by Cooke of the dismissal of the subject § 2255 motion would be not taken in good faith.

**DONE** this the 6th day of August 2020.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] Should the Court ultimately deny leave to appeal *in forma pauperis*, the movant may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.