IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 08-00010-KD-N |
| | ) |
| CLIFFORD SCOTT COOKE, | ) |
| | ) |
| Defendant. | ) |

# ORDER

This action is before the Court on Defendant Clifford Scott Cooke's "Request for Compassionate Release due to the Corona 19 Virus" which the Court construes[1] as a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), supplement to the Motion, the United States' response, Cooke's reply and letters in support of the Motion (docs. 163, 170-172, 175, 177-180). Upon consideration, and for the reasons set forth herein Cooke's motion is DENIED.

   I.   Background

In January 2008, Cooke was indicted for the offense of prohibited person (felon) in possession of a firearm (doc. 1). Cooke pled guilty in 2009 (doc 36). Due to his three prior convictions for a violent felony, he was subject to the Armed Career Criminal Act and the statutory mandatory sentence of 180 months. However, the United States moved for a downward departure and the motion was granted. In 2010, Cooke was sentenced to 160 months to be followed by a 5-year term of supervised release (docs. 43-45). In 2011, the United States' motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure was granted and his sentence was reduced to 128 months (docs. 62, 63).

---

[1] Daniele v. United States, 740 Fed. Appx. 973, 977 (11th Cir. 2018) ("… we have held that pro se 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will,

Cooke was released and began his 5-year term of supervised release in early August 2016. His supervised release was revoked in September 2017, and he was sentenced to 5 months (doc. 75). His supervised release was revoked in July 2018, and he was sentenced to 4 months with 46 months of supervision to follow (doc. 91). His supervised release was revoked in October 2018, and he was sentenced to 12 months with 24 months of supervision to follow (doc. 104). In January 2019, the United States filed a motion for reduction of sentence (doc. 105). The motion was granted, and Cooke's sentence was reduced to 6 months with 24 months of supervision to follow (docs. 106, 107). His supervised release was revoked in March 2020, and he was sentenced to 24 months with no supervision to follow (doc. 154). Cook is presently serving his fourth revocation sentence. His estimated release date is April 26, 2021.

II.     Motion for Compassionate Release

Cooke moves the Court for compassionate release on basis that his underlying health conditions, "severe high blood pressure", "very high BMI", and seizure disorder place him at high risk of serious illness or death should he contract Covid-19 (doc. 163, 170, 171, 178-180). He also points out he has served his sentence without any disciplinary infractions (doc. 163). He also asserts that some prison staff and inmates are not following safety protocols to prevent the spread of Covid 19 (doc. 170) and the staff members who try to enforce the rules on masks and social distancing are unable to do so in prison (doc. 179).

Cooke also argues for release to care for his thirty-year old daughter who was struck by a vehicle in January 2020. Cooke states that she is in a "near vegetative state" as a result of the accident and resides in a convalescent center in Grand Bay, Alabama (docs. 170-172, 178-180). Cooke states that her mother is dead and he is her only relative, but for an aunt who lives in north Alabama (Id.). Cooke argues that should he or his daughter contract Covid 19, he may never see

---

therefore, be liberally construed.'") (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263

her again. He argues that his release date is near, April 2021, and the few months left will serve only to risk his life and prevent him from caring for his daughter (doc. 178, 180).

The United States concedes that in the Covid 19 pandemic, Cooke's health conditions make him eligible for consideration for compassionate release but argues that his motion should be denied because of his criminal history and repeated violations of the conditions of supervised release (doc. 175, p. 14-15).  Also, the United States does not dispute that Cooke meets the statutory prerequisite for filing his motion (doc. 175, p. 10).  He made a request to the Warden, the request was denied, and greater than 30 days have lapsed (doc. 171, p. 6).

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the "court may not modify a term of imprisonment once it has been imposed except" as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 730, (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) provides that the Court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

For Cooke, the analysis ends with consideration of the applicable factors set forth in 18 U.S.C. § 3553(a).  The Court has considered the "nature and circumstances" of Cooke's offense and

---

(11th Cir. 1998)).

the offenses underlying his four revocations and finds that this factor does not weigh in favor of a sentence reduced to time served. 18 U.S.C. § 3553(a)(1).  Also, Cooke's "history and characteristics" do not weigh in favor of a sentence reduced to time served.  Before his federal indictment, he had been incarcerated many times in state prison systems for offenses such as assault, burglary, robbery, harassment and driving under the influence.  He consistently committed more offenses each time he was released (doc. 177-1, PSIR, p. 10-18).  He was also convicted for the federal offense of conspiracy to alter U.S. Money Orders and presenting altered U.S. Money Orders, United States v. Cooke, Criminal Action No. 92-00105-RV (S.D. Ala. 1992).  In 1992, he was sentenced to 14 months followed by three years of supervision.  In January 1994, his supervision was revoked and he served 12 months in BOP custody (Id., p. 11).

As to the conviction before this Court, with credit, Cooke served approximately eight years and was released in early August 2016.  Despite this long period of incarceration, he violated his conditions of supervision in December 2016, within a year of his release.  And then violated his conditions of supervision three more times, each following a period of incarceration.

In this circumstance, early release would not meet the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", or to adequately deter criminal conduct and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1) and (a)(2)(A), (B), & (C).  Accordingly, Cooke's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

**DONE** and **ORDERED** this 5th day of January 2021.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**
